IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MATTHEW SOUTER, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:20-cv-01295-TSE-JFA |
| | : | |
| C.T. IBRY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **PROPOSED JOINT RULE 16 DISCOVERY PLAN**

COME NOW the Plaintiff, Matthew Souter, and Defendants, C.T. Irby, Deputy Jacobs, and Corporal McCauley, by and through their respective counsel, and pursuant to the Court's Order and Rule 16 of the Federal Rules of Civil Procedure, file the following proposed Joint Rule 16 Discovery Plan:

1. On March 16, 2020, the parties conferred prior to the initial pretrial conference to consider the claims, defenses, possibilities of a prompt settlement or resolution of the case, trial before a Magistrate Judge, to arrange for the disclosures required by Rule 26(a)(1), and to develop a discovery plan which will complete discovery by June 4, 2021. The parties agree with the proposed Discovery Plan described below.

2. The parties do not agree to proceed before a United States Magistrate Judge.

3. The parties will make their Rule 26(a)(1) Disclosures on or before April 12, 2021.

4. The parties agree that the deadline to file any amended pleadings shall December April 30, 2020.

5. The parties agree that each party may not exceed more than five (5) non-party, non-expert witness depositions, and they agree to the limitations set forth in the Court's Scheduling

1

Order and those contained in the Rules of Civil Procedure and the local Rules for the Eastern District of Virginia.

6. Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiff will serve disclosures of expert testimony no later than May 1, 2021. Pursuant to Fed. R. Civ. P. 26(a)(2), Defendant will serve disclosures of expert testimony no later than May 30, 2021. Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiff will serve disclosures of expert rebuttal evidence no later than June 12, 2021. Experts' depositions may take place until June 30, 2021.

7. The parties discussed the discovery of electronic information. In addition to incorporating by reference applicable federal rules of civil procedure governing the same, the parties agree that, if electronically stored information is requested by a party, such information will be produced in a usable form and format as agreed by the parties, except that metadata will not be produced unless so requested by a party with respect to a specific document or file.

8. The parties may confer on the terms of an agreed confidentiality order that may be deemed necessary to protect confidential information which may be exchanged in the course of discovery. The parties agree to timely file the appropriate motion with the Court for approval of same.

9. The parties represent that they have instructed their clients of their obligations regarding the preservation of discoverable information.

10. The parties agree that the rules and procedures for asserting claims of privilege and/or work-product protection set by Fed. R. Civ. P. 26(b)(5)(A) are acceptable to the parties.

11. The parties agree that the inadvertent production of documents subject to the work product privilege, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing

party shall promptly notify the receiving party in writing of such inadvertent production as set forth in Fed. R. Civ. P. 26(b)(5)(B). If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation support or other database. If, however, the recipient disputes the protected nature of the disclosed information, then the recipient shall so notify the producing party in writing within a reasonable time of the notification and segregate (rather than return or destroy) the information and make no use of the information pending resolution of the dispute. If the dispute cannot be resolved between the parties, the recipient of such documents may move the Court for an order compelling production attaching the information at issue under seal.

12. The parties agree to service by mail, facsimile, or electronic mail.

13. The parties have discussed all other items required to be discussed by Rule 26(f).

Respectfully Submitted,

//s/_____
Victor M. Glasberg, VSB 16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703-684-1100 (tel.)
703-684-1104 (fax)
vmg@robinhoodesq.com

Counsel for plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March 2021, I served a copy of the foregoing Proposed Joint Discovery Plan upon the following via ECF:

>Alexander Francuzenko, VSB #36510
>Philip C. Krone, VSB #87723
>Cook Craig & Francuzenko, PLLC
>3050 Chain Bridge Road, Suite 200
>Fairfax, VA 22030
>T: (703) 865-7480
>F: (703) 434-3510
>alex@cookcraig.com
>pkrone@cookcraig.com
>*Counsel for Defendants*

>_____/s/_____
>Victor M. Glasberg, VSB 16184
>Victor M. Glasberg & Associates
>121 S. Columbus Street
>Alexandria, VA 22314
>703-684-1100 (tel.)
>703-684-1104 (fax)
>vmg@robinhoodesq.com