UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| MATTHEW SOUTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. # 1:20-cv-1295 (TSE/JFA) |
| | ) |
| C. T. IRBY, *et al.* | ) |
| | ) |
|     Defendants. | ) |

---

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

---

Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com

Counsel for Plaintiff

Plaintiff Matthew Souter proposes the following instructions for use at trial. Mr. Souter does not identify all the court's standard instructions typically given in every case.

References to ECF 40 are to the court's memorandum opinion in this case granting Mr. Souter's motion for summary judgment on liability on his federal claims.

## Contents

Initial introduction of the case to the jury. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Form instructions following close of evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Special instructions following close of evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

<u>Initial introduction of the case to the jury</u>

Mr. Souter has filed a federal civil rights claim under a civil rights law passed by Congress providing a remedy to persons who have been deprived of their constitutional rights under color of state law. He has sued three defendants associated with the Fauquier County Sheriff's Office – former Deputy Sheriff Irby, Deputy Sheriff Jacobs and Deputy Sheriff McCauley – claiming he was wrongfully arrested by them outside his home and in the course of the arrest was subjected to excessive force that injured him, all in violation of his right under the Fourth Amendment to the U.S. Constitution to be free from unreasonable seizure. He is seeking damages for physical injuries and emotional harm caused by this incident.

The liability of the three defendants has already been resolved as a matter of law by the court. The court has found that the defendants unconstitutionally arrested Mr. Souter under circumstances where no reasonable officer would have thought there was a lawful basis for the arrest. And because there was no lawful basis for arresting Mr. Souter, the court has ruled that any and all physical force used by the defendants to take Mr. Souter into custody was unlawful and a violation of his rights. As a matter of law, their decision to arrest Mr. Souter was either plainly incompetent or a knowing violation of the law.

As a result of the court's legal rulings, the task for you today as jurors is solely to assess the harm caused to Mr. Souter by the defendants actions and decide what damages, if any, he should be awarded.

Authority:

Liability decided by the court: ECF 40 at 15-16, 17-18
No defense: ECF 40 at 13-15, 18
No force permissible: ECF 40 at 10-11, 14-15, 16
"Plainly incompetent or knowing violation of law" - *Malley v. Briggs,* 475 U.S. 335, 341 (1986)

Instructions following close of evidence

Mr. Souter proposes the following form instructions for use following the close of the evidence, as needed. The instructions are from O'Malley, *Federal Jury Practice and Instructions,* (5th ed. 2001):

103.30 – Plaintiff's Instruction #1: Evidence in the Case

104.01 – Plaintiff's Instruction #2: Preponderance of the Evidence

104.05 – Plaintiff's Instruction #3: Direct and Circumstantial Evidence

104.20 – Plaintiff's Instruction #4: Inferences Defined

105.04 – Plaintiff's Instruction #5: Impeachment – Prior Inconsistent Statement

Plaintiff's Instruction #1: Evidence in the Case
===

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

O'Malley, *Fed. Jury Prac. and Instru.* (5th ed. 2000), §103.30

## Plaintiff's Instruction #2: Burden of Proof

Mr. Souter has the burden to prove each element of his claim by a preponderance of the evidence. In this case the defendants' liability has been established as a matter of law by the court. The remaining elements of the case that Mr. Souter must prove are: 1) the harm or injuries he suffered; and 2) that each harm or injury was proximately caused by the actions of the defendants. If he should fail to establish either of these elements then you should not award damages for that particular harm or injury.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

O'Malley, *Fed. Jury Prac. and Instru.* (5th ed. 2000), §104.01

Plaintiff's Instruction #3: Evidence

Generally speaking, there are two types of evidence that are usually presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

O'Malley, *Fed. Jury Prac. and Instru.* (5th ed. 2000), §104.05

## Plaintiff's Instruction #4: Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

O'Malley, *Fed. Jury Prac. and Instru.* (5th ed. 2000), §104.20

<u>Plaintiff's Instruction #5: Impeachment</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

O'Malley, *Fed. Jury Prac. and Instru.* (5th ed. 2000), §105.04

In addition, Mr. Souter proposes that the following special instructions be given at the end of the evidence:

6. Section 1983: Introductory Instruction

7. Section 1983: Excessive Force: Taser Use Described

8. Arrestee's Right to Resist Unlawful Arrest

9. Section 1983: Joint and Several Liability

10. Compensatory Damages Explained

11. Proximate Cause Defined

12. Foreseeable Consequences Explained

13. Section 1983: Punitive Damages Explained

Plaintiff's Instruction #6: Liability Established

Section 1983: Introductory Instruction

I already have determined as a matter of law that all of the defendants, while acting under color of state law, violated Mr. Souter's Fourth Amendment rights by placing him under arrest and by using force against him in their efforts to take him into custody. Mr. Souter had not violated any law and should not have been arrested. Nor was any degree of force at all permitted to be used against him, since his arrest itself was unconstitutional. Reasonable officers with the knowledge and training of the defendants would have known these things. I will now instruct you more fully on the issues you must address in this case.

ECF 40 at 10-11, 14-16, 17-18; *Malley v. Briggs*, 475 U.S. 335 (1986).

<u>Plaintiff's Instruction #7</u>

<u>§1983: Excessive Force – Taser Use Described</u>

You have heard evidence that a Taser was used on Mr. Souter as part of the defendants' efforts to arrest him, and you have already been instructed that no use of force was legally justified because the arrest itself was unconstitutional. At the time of this incident, it was clearly established that Tasers are designed to cause excruciating pain; their application can burn a subject's flesh and they inflict a painful and frightening blow. You are to consider these matters when you assess Mr. Souter's damages caused by the use of a Taser during his unconstitutional arrest.

*Estate of Armstrong v. Village of Pinehurst*, 810 F.3d 892, 902 (4th Cir. 2016)

Plaintiff's Instruction #8:  Arrestee's Right to Resist Unlawful Arrest

You have heard testimony from the defendants that Mr. Souter resisted their efforts to place him in handcuffs and arrest him, while Mr. Souter denies such resistence.  If you credit the testimony that Mr. Souter resisted being arrested, this does not relieve the defendants of their responsibility for any injuries to Mr. Souter resulting from their altercation.  This is because in the eyes of the law, an unlawful seizure amounts to an unlawful battery against the subject of the attempted arrest. When an arrest is unlawful, the subject enjoys the right to resist by self defense.  Law enforcement officials cannot defeat that right of self-defense, not even by arguing that they acted in good faith.  An unlawful arrest operates as a provocation that excuses even assaultive conduct intended to thwart the unlawful arrest.

*McCracken v. Commonwealth*, 39 Va. App. 254, 269–70, 572 S.E.2d 493, 500–01 (2002);
*Brown v. Commonwealth*, 27 Va. App. 111, 118, 497 S.E.2d 527, 530 (1998);
*Commonwealth v. Hill*, 264 Va. 541, 546–47 (2002)

<u>Plaintiff's Instruction #9</u>

<u>Section 1983: Joint and Several Liability Explained</u>

Where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury. In this case, all three defendants participated in placing Mr. Souter under arrest and are therefore jointly and severally liable for violations of Mr. Souter's 4th Amendment rights to be free from unlawful arrest and unreasonable seizure.

All three defendants also participated in the use of physical force on Mr. Souter in their efforts to arrest him – physical force that also violated his 4th Amendment rights. If you find that physical harm was inflicted on Mr. Souter in defendants' efforts to take him into custody, then each of the defendants is jointly and severally liable for his injuries. If you find that any aspect of Mr. Souter's physical injuries is the product of independent action by any of the defendants unrelated to the concerted effort to take Mr. Souter into custody, then the defendant who engaged in that independent action is alone liable for that aspect of Mr. Souter's injuries.

*Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir.1985); Restatement (Second) of Torts, §§ 875, 879

Plaintiff's Instruction #10

Compensatory Damages

The task before you as jurors is to determine Mr. Souter's damages. You must award Mr. Souter an amount that will fairly compensate him for any and all injuries he sustained as a result of the defendants' conduct. The damages that you award must be fair compensation, no more and no less.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Souter experienced as a consequence of the defendants' unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

Mr. Souter has the burden of proving damages by a preponderance of the evidence. But the law does not require that he prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

Model Civil Jury Instruc. for the U.S. Court of Appeals for the Third Circuit, 2020, §5.4.1, Compensatory Damages

<u>Plaintiff's Instruction #11</u>

<u>Proximate Cause Defined</u>

Any damages you award Mr. Souter must be proximately caused by the acts of the defendants. An injury or damage is proximately caused by an act whenever it appears from a preponderance of the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage to the plaintiff, and that the plaintiff's injury or damage was either a direct result or a reasonably foreseeable consequence of the act.

O'Malley, *3B Fed. Jury Prac. and Instru.* (5th ed. 2000), §165:50

<u>Plaintiff's Instruction #12</u>

<u>Foreseeable Consequences Explained</u>

A defendant is not required to have anticipated or foreseen the precise injury that occurred. It is sufficient that a reasonably prudent person would have anticipated or foreseen that some injury might probably result from the defendant's actions.

Virginia Model Jury Instructions, Civil, Vol. 1, Instruction No. 4.018

<u>Plaintiff's Instruction 13</u>

<u>Section 1983: Punitive Damages Explained</u>

In addition to the compensatory damages mentioned in other instructions, the law permits the jury to award punitive damages in order to punish a defendant for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct. You may, but are not required to, award Mr. Souter an amount of punitive damages, in addition to any other damages you find he is entitled to receive, if you find it is appropriate to punish any or all of the defendants or deter them and others from like conduct in the future. Whether to award Mr. Souter punitive damages and the amount of those damages are within your sound discretion.

O'Malley, *3B Fed. Jury Prac. and Instru.* (5th ed. 2000), §165.71

                                                                   Respectfully submitted,

                                                                   MATTHEW SOUTER,

                                                                   By counsel

Dated:   July 29, 2022

Counsel for Plaintiff:

//s// Victor M. Glasberg_____
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com

**SouterMatthew\Pleadings\2022-0729-JuryInstructions**

<u>Certificate of Service</u>

I, Victor M. Glasberg, hereby certify that on this 29th day of July 2022, I electronically filed the foregoing Plaintiff's Proposed Jury Instructions with the clerk of the court.

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

Counsel for Plaintiff
