UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| MATTHEW SOUTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. #1:20-cv-1295 (TSE/JFA) |
| | ) |
| C. T. IRBY, *et al.* | ) |
| | ) |
| Defendants. | ) |

PRE-TRIAL BENCH MEMORANDUM

Plaintiff Matthew Souter, by counsel, files the following pre-trial bench memorandum in light of the unanticipated issues discussed at the final pre-trial conference on August 9, 2022.

Punitive Damages in Light of the Denial of Qualified Immunity

In a detailed and closely reasoned memorandum opinion on summary judgment based on uncontested material facts, this Court rejected the defendants' claim of qualified immunity, finding that their conduct so violated the Fourth Amendment that no reasonable officer would have believed it was lawful. The issue at bar is whether, in an effort to dissuade the jury from awarding punitive damages to plaintiff Matthew Souter or limit such an award, defendants may offer trial evidence explaining why they "thought in good faith" that they were acting reasonably when they obtained an arrest warrant against Mr. Souter without probable cause, arrested him outside his home, and bloodied him to the point of requiring emergency room care. This bench memorandum addresses the inadmissibility of such "good faith" evidence.

1

The standard used to reject qualified immunity as a matter of law is functionally equivalent to the standard for awarding punitive damages in § 1983 actions. *Smith v. Wade*, 461 U.S. 30, 56 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. We further hold that this threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness") (emphasis added); *Cooper v. Brunswick Cnty. Sheriff's Dep't*, 896 F. Supp. 2d 432, 448 (E.D.N.C. 2012), *aff'd sub nom. Cooper v. Sheehan*, 735 F.3d 153 (4th Cir. 2013) ("the standards of proof for liability under section 1983 and punitive damages under section 1983 are essentially the same") (motion for summary judgment on punitive damages denied in Fourth Amendment excessive force claim).

When a court concludes, as this Court has concluded, that a law enforcement officer's conduct violated such clearly established Fourth Amendment principles that no reasonable officer would have believed it was lawful, a defendant cannot be heard to attempt to justify that conduct in the name of contesting the imposition of punitive damages. Evidentiary nullification of a judicial ruling is not permissible. (In the instant case, permitting such evidence will also turn a one-day trial with perhaps two witnesses into a multi-day trial addressing the collateral issue of defendants' state of mind.)

The defense of qualified immunity is designed to "provide ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011); *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). It "gives government officials breathing room to make reasonable but

mistaken judgments." *Id*., citing *Malley* and *Ashcroft*. Defendants have litigated and lost the defense of qualified immunity, and with it the "breathing room" to excuse their abuses. What they can do, should they see fit, is accept the wrongfulness of what they did and ask for mercy, much as a criminal defendant does at sentencing. What they cannot do given this Court's summary judgment ruling is offer evidence or argument that thought they were acting in a reasonable, albeit mistaken, manner, in good faith."[1] Evidence suggesting to the jury in any way that defendants' actions were somehow understandably motivated is contrary to the necessary findings, already made, that their actions were unreasonable and either willful or incompetent.

Mr. Souter may submit his claim for punitive damages to the jury based on the fact that defendants' intentional acts at issue have been found to have been so unreasonable that no reasonable officer could have believed them to be permissible. This does not compel the award of punitive damages it simply permits such an award, if the jury decides in its discretion that such damages are appropriate to punish or deter Fourth Amendment violations of this sort. *See Smith*, 461 U.S. at 52. What the defendants may not do is undermine the integrity of the Court's qualified immunity ruling by presenting evidence or argument that they acted in "good faith."

Mr. Souter respectfully requests pre-trial guidance from the Court as to the defendants' right to present evidence probative of why they did what they did and why they allegedly acted in good faith. Counsel takes advantage of this submission respectfully to request the Court's pre-trial ruling on his pending motion *in limine*, ECF 53, some of which may implicate the issue discussed above.

---

[1] The Court made clear at the August 9, 2022 hearing that the defense may not present evidence or argument tending to impeach the integrity of its summary judgment ruling.

Respectfully submitted,

MATTHEW SOUTER,

By counsel

Dated: August 10, 2022

Counsel for Plaintiff

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com
SouterMatthew\Pleadings\2022-0810-PreTrialBenchMemo

Certificate of Service

I, Victor M. Glasberg, hereby certify that on this 10th day of August 2022, I electronically filed the foregoing Pre-Trial Bench Memorandum with the clerk's ECF system.

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

Counsel for Plaintiff
