UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| MATTHEW SOUTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) C.A. #1:20-cv-1295 (TSE/JFA) |
| | ) |
| C. T. IRBY, *et al.* | ) |
| | ) |
|     Defendants. | ) |

<u>Plaintiff's Proposed Jury Instruction on Punitive Damages in Light of Warrant</u>

Plaintiff Matthew Souters respectfully submits the following proposed instruction and authority per the Court's direction following the conclusion of the evidence.

1

<u>Plaintiff's Proposed Jury Instruction 13A</u>

<u>§1983: "Good Faith" Reliance On Magistrate's Warrant</u>

You have heard evidence from the defendants that they relied in good faith on the magistrate-issued warrant for Mr. Souter's arrest. I have already explained to you that the warrant does not relieve the defendants from liability for compensatory damages caused by their unlawful actions. In deciding whether to award punitive damages, however, you may consider whether the defendants acted in good faith.

An officer does not manifest objective good faith in applying for or relying on a warrant when the warrant is based on an application where probable cause is so lacking that official belief in the existence of probable cause is entirely unreasonable.

In deciding whether the defendants acted in "good faith" on the magistrate's warrant, consider whether the warrant issued by the magistrate was the result of error committed solely by the magistrate, free of any misleading or inaccurate information supplied by Deputy Jacobs and thereafter relied on by all three defendants.

*United States v. Leon*, 468 U.S. 897, 918, 923 (1984); *United States v. Clarkson*, 551 F.3d 1196, 1203 (10th Cir. 2009).

"[The] good-faith exception to the exclusionary rule does not apply in circumstances where 'the officer will have no reasonable grounds for believing that the warrant was properly issued.'" "Thus, an officer would not "manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

*United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) (citing *Leon*). See also *United States v. Hove*, 848 F.2d 137 (9th Cir.1988) (good faith exception unavailable where no reasonable officer could have believed that the warrant was valid).

[Authority continued]

Defendants next criticize the district court's instructions regarding punitive damages. Such damages are available in § 1983 actions for conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." (Quoting *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983)). "Defendants' contention that there was insufficient evidence to establish willfulness or malice is thus irrelevant. The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability on the § 1983 claim; the propriety of a guilty verdict on the latter thus supports the punitive damage award as well. The district court properly told the jury that it was permitted, but not required, to assess punitive damages. There was ample, though disputed, evidence of disregard for Cooper's repeated complaints and obvious symptoms; submission of the punitive damages issue to the jury was thus appropriate.

*Cooper v. Dyke,* 814 F.2d 941, 948 (4th Cir. 1987).

          Respectfully submitted,

          MATTHEW SOUTER,

          By counsel

Dated:   August 17, 2022

Counsel for Plaintiff

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com
SouterMatthew\Pleadings\2022-0817-SuppInstr

## Certificate of Service

I, Victor M. Glasberg, hereby certify that on this 17th day of August 2022, I electronically filed the foregoing Supplementary Instruction with the clerk's ECF system.

          //s// Victor M. Glasberg
          Victor M. Glasberg, #16184
          Victor M. Glasberg & Associates
          121 S. Columbus Street
          Alexandria, VA  22314
          703.684.1100 / Fax: 703.684.1104
          vmg@robinhoodesq.com
          Counsel for Plaintiff