IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MATTHEW SOUTER, | : | |
| Plaintiff, | : : : | |
| v. | : : | Case No.: 1:20-cv-01295-TSE-JFA |
| C.T. IBRY, *et al.*, | : : | |
| Defendants. | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR NEW TRIAL**

COME NOW the Defendants, C.T. Irby, Deputy Jacobs and Corporal McCauley, by their undersigned counsel, and oppose Plaintiff, Matthew Souter's, pro se, motion for new trial. In support thereof, Defendants state the following.

**INTRODUCTION**

This case has been brought by Matthew Souter ("Mr. Souter" or "Plaintiff") against former Deputy Irby, Deputy Jacobs, and Corporal McCauley (hereinafter referred to collectively as "Defendants"). The Plaintiff asserted six counts against the Defendants and moved for summary judgment on all counts. The Court granted summary judgment as to liability for Plaintiff's § 1983 Fourth Amendment claims for obtaining an arrest warrant without probable cause (Count I), executing the arrest warrant which Plaintiff claims was based on false grounds (Count II), and excessive force in executing the arrest (III). The Court also granted summary judgment as to liability for Plaintiff's state law claims of false arrest and assault and battery. The Court denied Plaintiff's motion as to malicious prosecution.

Prior to trial, the Plaintiff voluntarily dismissed his state law claims so that the trial on damages would proceed exclusively on his § 1983 claims. The trial on damages commenced on

1

August 16, 2022, before a jury and concluded on August 18, 2022. On August 18, 2022, the jury returned a verdict in the total amount of $50,000.00. That same day, August 18, 2022, the Clerk of the Court entered the judgment. Plaintiff, without counsel, now seeks to have a new trial pursuant to Federal Rule of Civil Procedure 59(a).

## ARGUMENT

### I.     Plaintiff's Motion is Untimely

Under Rule 59(a), "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). The Rule 59(b) deadline does not fall within the Court's discretion to extend deadlines. Fed. R. Civ. P. 6(b) ("[a] court must not extend the act under Rule[] . . . 59(b)"). The Clerk of Court entered judgment in this matter on August 18, 2022. (ECF No. 102) (*see also* ECF No. 106-1, p. 1). Plaintiff concludes that his "motion is timely filed as it is entered on September 16, 2022 and falls within 28 days of the date judgment was entered in the civil docket." (ECF No. 106, p. 7). September 16, 2022, however, is 29 days from August 18, 2022, the date judgment entered. Ostensibly, Plaintiff's math failed to account for the fact that August has 31 days. Consequently, Plaintiff's motion for a new trial under Rule 59(a) is untimely and his motion must be denied.

### II.    Even if Plaintiff's Motion was Timely, the Grounds Set Forth in the Motion Do Not Warrant a New Trial[1]

Under Rule 59, "a trial judge may weigh the evidence and consider the credibility of the witnesses, and if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported

---

[1] To find Plaintiff's motion timely, would also allow him to extend his deadline to file an appeal and, thus, set a precedent whereby a party could file a late Rule 59 motion to restart a missed appeal deadline.

2

by substantial evidence, and grant a new trial." *Poynter by Poynter v. Ratcliff,* 874 F.2d 219, 223 (4th Cir. 1989). Although Plaintiff sets forth a laundry list of grounds as to why he should be granted a new trial, the Motion fails to set forth any argument behind these conclusory assertions. (ECF Nos. 106, pp. 3-5; 106-1, ¶ 2). However, based upon the factual arguments set forth in his motion, Plaintiff, essentially, asserts one argument, [2] that a new trial is necessary to avoid the miscarriage of justice because the verdict is against the weight of the evidence.

First, the Motion does not actually argue that the verdict is against the weight of the evidence presented trial or that the evidence presented at trial was false. Instead, Plaintiff's argument is that the verdict is against the weight of the evidence *not* presented at trial. Plaintiff asserts that "an abundance of evidence" was produced in discovery but it was not presented by Plaintiff or Defendants at trial. (ECF No. 106, p. 5).[3] Ultimately, Plaintiff's evidentiary arguments are premised on the litigation strategy not to present certain evidence or, less likely, evidentiary rulings.

---

[2] Plaintiff sets forth another argument, that Defendant McCauley's presence in the courtroom and "evil eye" was witness intimidation. Aside from being farfetched, Plaintiff's argument falls directly in the category of issues that could have and should been raised at the time. However, neither Plaintiff, Plaintiff's counsel, nor your Honor, raised any issue about Defendant McCauley's, appropriate, courtroom behavior.

[3] Plaintiff also suggests that his counsel perpetrated a fraud on the court due to Plaintiff's claim that videos exist. While Plaintiff produced videos that he took after the incident, he only produced one video associated with his security cameras. That video was a recording a screen playing the security footage. It is impossible to ascertain any facts as to what occurred from this video. (Matthew Souter Dep. 152:2 – 152:14) ("**Q**: You would agree with me that because it was nighttime, and, I guess, the quality of the cameras, the -- the actual video is – is difficult to discern what's going on; is that correct? **A**: Yes, it's correct. **Q**: Okay. Because if you have some great video, that's what I'm asking you, because what I saw, you could see certain things, but it was -- I didn't see anything that actually caught the entire event as you described it. Is that accurate. **A**: That's accurate."). Further, "fraud upon the court" falls outside the powers granted by Rule 59.

3

"Granting a new trial is not warranted unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Jackson v. Egira, LLC*, No. CV RDB-14-3114, 2016 WL 6583604, at *2 (D. Md. Nov. 4, 2016) (internal quotation marks and citations omitted). Here, Plaintiff's calls into question evidence that was not in the record. Thus, it cannot be said that the jury's verdict is against the weight of that evidence not in the record. And Plaintiff does not argue that the jury's verdict is against the weight of the evidence in the record. As a result, Plaintiff's conclusory argument that the verdict is against the weight of the evidence presented trial is not supported. Therefore, a new trial is not warranted, and Plaintiff's motion must be denied.

## CONCLUSION

Based on the foregoing, this Court should deny Plaintiff's Motion for New Trial.

Respectfully submitted,

\_\_\_\_/s/_____
Alexander Francuzenko, VSB 36510
Philip C. Krone, VSB 87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
alex@cookcraig.com
pkrone@cookcraig.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29th, 2022, I electronically filed the foregoing Opposition to Plaintiff's Motion for New Trial with the Clerk of Court using the CM/ECF system and mailed a copy to the following:

Matthew Souter
7353 John Marshall Hwy
The Plains, VA 20198
(540) 497-0532
*Plaintiff, pro see*

    /s/_____
Alexander Francuzenko, VSB 36510
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
alex@cookcraig.com
*Counsel for Defendants*