UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)


MATTHEW SOUTER,                          )
                                         )
         Plaintiff,                      )
                                         )
v.                                       )    C.A. #1:20-cv-1295 (TSE/JFA)
                                         )
C. T. IRBY, et al.                       )
                                         )
         Defendants.                     )

---

APPLICATION FOR AWARD OF ATTORNEY'S FEES AND COSTS

---

Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com

Counsel for Plaintiff

<u>Exhibits</u>

1.      Declaration of Victor M. Glasberg

2.      List of civil rights cases

3.      Excerpt from trial transcript

4.      Itemization of hours by category

5.      Breakdown of hours

6.      Itemization of costs

7.      Supportive declarations from *Wingate v. Fulford*

Former counsel for plaintiff Matthew Souter, the prevailing plaintiff herein, apply

herewith for an award of their reasonable fees and of Mr. Souter's costs pursuant 42 U.S.C.

§1988.[1]  Counsel secured an extension of time in which to file this application, in an attempt to

facilitate resolution of this matter by agreement pending the disposition of Mr. Souter's new trial

motion and a possible (if untimely) *pro se* appeal.  Counsel thereupon solicited non-litigious

agreement on fees and costs from defendants, in a total amount of less than what is requested

here.  The parties having proved unable to resolve their differences, this application is now filed,

together with the declaration of lead counsel Victor M. Glasberg, with exhibits, addressing the

factors to be assessed in considering an application for an award of fees and costs under §1988.

In further support of the application, counsel respectfully represent as follows:


Entitlement to Award

It is settled law that when "a plaintiff has obtained excellent results, his attorney should

recover a fully compensatory fee." *City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986).  The

fee need not be proportional to the damages recovered.  *Id.* at 574.[2]  In the case at bar, Mr. Souter

secured a highly unusual judicial adjudication of liability as a matter of law against three law

---

[1]Counsel were granted leave to withdraw as Mr. Souter's counsel by order of this Court entered September 22, 2022.  ECF 112; *see also* ECF 117.

[2]In *Rivera*, plaintiffs recovered $33,350 in compensatory and punitive damages for excessive force against five of the 31 (*sic*) officers they had sued (and also the city that employed them). The Supreme Court approved a challenged fee award of $245,456.25, noting: "Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases . . . to depend on obtaining substantial monetary relief." *Id.* at 575.  In a nutshell, "reasonable attorney's fees under §1988 are not conditioned upon and need not be proportionate to an award of money damages." *Id.* at 576.

enforcement officers on his Fourth Amendment claims for wrongful arrest and excessive force. Having sought recovery of damages "appropriate to the proof at trial," ECF 1 at 8, he also recovered a $50,000 verdict from a jury. Given, especially, the client-related challenges facing counsel reviewed in the Glasberg declaration, this result was excellent.

<u>The Hourly Rates at Which Compensation is Sought are Reasonable</u>

In support of counsel's application for fees at the hourly rate of $600 for lead counsel Victor M. Glasberg and $250 for his associate Nickera S. Rodriguez and senior research assistant Charles Tierney, the undersigned respectfully refers the Court to awards in these very amounts made to his firm for work done in 2019 (*Rogers v. Va. State Registrar*, 2020 WL 2346327 (E.D. Va., Jan. 23, 2020) (per Alston, J.) (constitutional challenge to state law mandating identification by race by applicants for Virginia marriage licenses)), and last month for work done in 2018-21 (*Wingate v. Fulford*, No. 1:18-cv-937 (ECF 141) (per Trenga, J.) (Fourth Amendment case of false detention). In *Wingate,* the plaintiff recovered $10,000 in damages in a post-appeal settlement of a case that never went to trial. *Wingate*, ECF 141. The undersigned was awarded a larger fee in *Wingate* than the one requested here – a case that went through a three-day trial.

Wishing not to impose unduly on colleagues who just recently provided supportive declarations in *Wingate*, a case in which fees were awarded one month ago, counsel respectfully directs the Court's attention to the following assessments of the reasonableness of counsel's rates from the *Wingate* case, ECF 133-1 through 133-6, attached here as Exhibit 7.

– Michael Allen, ¶¶17-21 ($600/hour fee "eminently reasonable"; all requested rates "at the very bottom of the *Vienna Metro* matrix."[3])

– Elaine Bredehoft, ¶12 ("well below what Mr. Glasberg should command"; firm's rates "below what the market would support.")

– Harris Butler, ¶¶19-20 ($600/hour fee "below prevailing hourly rate"; $250/hour fee "reasonable for associate lawyer with 1-3 years experience.")

– Stephen Cochran, ¶¶8 ($600/hour fee "very reasonable," "on the low end"; other rates "likewise more than reasonable.")

– Joshua Ehrlich, ¶¶18-19 ($600/hour fee "substantially below market rate"; associate's fees "very reasonable and below market rates.")

– Arthur Spitzer, ¶¶4-7 ($600/hour fee "quite modest,""eminently reasonable"; $250/hour rate "far below the [D.C.] matrix rates for comparable employees.")[4]


A Note on the *Laffey* and *Vienna Metro* Matrices

There is "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[5] While determining the reasonable hourly rate

---

[3] *Vienna Metro LLC v. Pulte Home Corp.*, 2011 WL 13369780 (E.D. Va. Aug. 24, 2011)

[4] The undersigned is licensed in the District of Columbia and has litigated civil rights cases in United States District Court and Superior Court there from his office in Old Town Alexandria. This fee application reflects our local judicial practice of awarding markedly lower fees for work done in this court than would be awarded for the identical work done by the same counsel in the same office on a materially identical case going forward at the same time in a courthouse across the Potomac River.

[5] As set forth in the Glasberg declaration filed herewith and Exhibit 5 at 14-16, the lodestar submitted herewith incorporates a deduction of over 104 hours from the time actually devoted to this case by firm personnel, reflecting counsel's exercise of billing judgment.

(as well as the hours reasonably spent) is within the discretion of the adjudicating court, courts have routinely turned to standard formulas intended to promote uniformity and fairness in the making of fee awards.  In our area, this has led to the widespread adoption of matrices of presumptively reasonable fees depending on years of experience.  These matrices are no more than guides, and are routinely overridden by judicial assessments based on the facts of a given case.  Nevertheless, like the federal Sentencing Guidelines, they promote uniformity and the sense of fairness that comes from uniformity rather than *ad hoc* decision making.

In our area, two well-used fee matrices exist.  In the District of Columbia, the so-called *Laffey* matrix sets the presumptive fee, to the point that the United States Department of Justice has published its own version for use in negotiations and adjudications.  *See,* the United States Attorney's Office Fees Matrix at https://www.justice.gov/usao-dc/page/file/1189846/download. The United States District Court for the District of Columbia has approved an updated *Laffey* matrix in some cases, pursuant to which Mr. Glasberg's presumptive hourly rate is $919 – more than 50% more than what he seeks here.  *DL v. District of Columbia,* 267 F.Supp.3d 55, 69 (D.D.C. 2017); *see*  http://www.laffeymatrix.com/see.html.

With few exceptions, the Northern Virginia judiciary has not used the *Laffey* matrix.  But "courts in the Alexandria Division have routinely considered an approved rates that are within the *Vienna Metro* matrix. . . ."  *P5 Solutions, Inc. v. Steinke,* 2020 WL 3259793 (E.D. Va.  June 15, 2020) ( Hilton, J.).  The *Vienna Metro* matrix, developed in *Vienna Metro LLC v. Pulte Home Corp.*, 2011 WL 13369780 (E.D. Va. Aug. 24, 2011) (Lee, J.), provides for lower hourly rates  than those approved for awards in the District of Columbia.  As of 2011 *[N.B.]*, it set forth the following hourly rates by years of experience *as of that year*:

| Years of Experience: | Paralegal | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
|---|---|---|---|---|---|---|
| Hourly Rate: | $130-350 | $250-435 | $350-600 | $465-640 | $520-770 | $505-820. |

While *Vienna Metro* involved commercial litigation, this Court has joined other judges of this district in approving its application more broadly to other civil litigation. *Antekeier v. Lab. Corp. of Am.*, 2018 WL 5075509, at \*4 (E.D. Va. Aug. 29, 2018) (Buchanan, M.J.) (FMLA case, *report and recommendation adopted*, 2018 WL 5043844 (E.D. Va. Oct. 17, 2018) (Elllis, J.); *Taylor v. Republic Servs., Inc.*, No. 1:12-CV-00523, 2014 WL 325169, at \*5 (E.D. Va. Jan. 29, 2014) (Lee, J.) (employment discrimination; lead counsel awarded $600/hour); *Burke v. Mattis*, 315 F. Supp. 3d 907, 913 (E.D. Va. 2018) (employment discrimination) (O'Grady, J.); *JK Moving & Storage, Inc. v. Winmar Constr., Inc.*, 2018 WL 4365573, at \*3 (E.D. Va. June 20, 2018) (Buchanan, J.) (commercial litigation; counsel with 34 years of experience awarded fees at $650/hour); *Alvarez v. ReadyClean Indus. Servs., Inc.*, 2015 WL 5793605, at \*3 (E.D. Va. Sept. 29, 2015) (Lee, J.) (FLSA case) (noting *Laffey* matrix as well as *Vienna Metro* matrix); *Galvez v. Americlean Servs. Corp.*, 2012 WL 2522814 at \*5 n. 6 (E.D. Va. June 29, 2012) (Cacheris, J.) (FLSA case); *Tech Sys., Inc. v. Pyles*, 2013 WL 4033650, at \*6 fn.4 (E.D. Va. Aug. 6, 2013) (Lee, J.) (various claims); *Mitile Ltd. V. Hasbro*, 2013 WL 5525685 (E. D. Va. Oct. 4, 2013) (Buchanan, M.J.) (patent case); *Intelligent Verification Sys., LLC v. Microsoft Corp,* 2014 WL 6685440 (E.D. Va. Nov. 25, 2014) (Leonard, M.J.) (patent case).

Both Judge Alston in *Rogers* (2020 WL 3246327 at \*5) and Judge Trenga in *Wingate* (ECF 141 at 5) referred to the *Vienna Metro* Matrix in assessing the appropriateness of counsel's rates requested then and now. The fees requested here, totaling $168,710 for a case going from filing through a three-day trial, are modest in light of the 2011 (*sic*) *Vienna Metro* matrix.

<u>Costs</u>

The costs incurred in this case amount to $5,699.29, including $1901.65 for a transcript of the trial ordered by Mr. Souter. *See* Exhibit 6. The Court can take judicial notice that this is modest figure for a case that went from filing through a three-day trial.


<u>Conclusion</u>

On all pertinent issues not addressed in this memorandum, the Court is respectfully directed to the Glasberg declaration. For the reasons set forth above and in that declaration, counsel's application for an award of fees and costs should be granted.

Counsel respectfully request that the Court direct that any award of costs be remitted directly to, and in the sole name of Mr. Souter at his address of record, and that any award of fees be remitted to, and in the sole name of, Victor M. Glasberg & Associates.[6]

<div style="margin-left:40%">

Respectfully submitted,

VICTOR M. GLASBERG
 NICKERA S. RODRIGUEZ

Former counsel for plaintiff

</div>

Dated:   November 11, 2022

---

[6]Given Mr. Souter's new trial motion (and that he lives fifty miles away from counsel's Alexandria office), it will decidedly expedite efficient closure of this case for his costs reimbursement to be sent directly to him, and for the undersigned or his firm alone to be named as payee on any fee award.

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com

Souter\Pleadings\FeeApp\2022-1111-FeeApp

Certificate of Service

I, Victor M. Glasberg, hereby certify that on this 11th day of November,  2022, I electronically filed the foregoing Application for Award of Fees and Costs with the clerk of the court, and mailed a copy by U.S. Postal Service, postage prepaid, to:

Matthew Souter
7353 John Marshall Highway
The Plains, VA 20198

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

Counsel for Plaintiff