IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MATTHEW SOUTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:20-cv-01295-TSE-JFA |
| | : | |
| C.T. IBRY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION
FOR AWARD OF ATTORNEYS' FEES AND COSTS**

COME NOW Defendants C.T. Irby, Deputy Jacobs and Corporal McCauley, by their undersigned counsel, and oppose Plaintiff's Application for Award of Fees and Costs (the "Application") (ECF No. 118). In support thereof, Defendants state as follows:

**ARGUMENT**

The Application seeks $168,710.00 in fees and $5,699.29 in costs, (ECF No. 118-1, p. 17), however, these amounts include unreasonable hours, unreasonable rates for Charles Tierney, and unsupported costs. Moreover, an across-the-board reduction is also warranted for the hours associated with trial preparation given the success of Plaintiff's damages.

A party seeking attorney fees must establish "*by clear and convincing evidence* the amount of a reasonable fee in the circumstances." *Guidry v. Clare*, 442 F.Supp.2d 282, 293-94 (E.D. Va. 2006) (emphasis added) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). An award for reasonable attorneys' fees under 42 U.S.C. § 1988 is calculated using a three-step process. *McAfee v. Boczar,* 738 F.3d 81, 88 (4th Cir. 2013). First, the court must determine the "lodestar amount." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see Grissom v. Mills Corp.,* 549 F.3d 313, 320

1

(4th Cir. 2008). The lodestar amount is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*

When determining both the reasonable rate and reasonable number of hours expended under the lodestar amount, courts in the Fourth Circuit are bound to apply the factors set forth in *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 (4th Cir. 1978) (hereinafter the "*Johnson* factors"). *McAfee*, 738 F.3d at 88 (4th Cir. 2013); *see also Doe v. Alger*, 2018 WL 4655749, at * 4 (W.D. Va. Sept. 27, 2018) ("the court may also adjust the figure based on the so-called *Johnson* factors."). The Fourth Circuit has summarized the *Johnson* factors as follows:

> (1)The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Grissom,* 549 F.3d at 320 (quoting *Spell v. McDaniel,* 824 F.2d 1380, 1402 n. 18 (4th Cir. 1987)

The court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* "Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.*

I. **Unreasonable Hours**

The district court should exclude from the lodestar amount hours that were not "reasonably expended." *Hensley,* 461 at 434 (1983). In the instant matter, the Court should exclude miscalculated hours and redundant work. Defendant submits Exhibit 5, an affidavit from John J. Rigby, Esq., an attorney who specializes in fee-shifting cases. Mr. Rigby has reviewed the billing

statements and other documents supporting the Application and stated his opinions in the Affidavit, which raise many issues also addressed below.

"Proper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks." *EEOC v. Nutri/Sys., Inc.,* 685 F.Supp. 568, 573 (E.D. Va. 1988). In the end, "the number of hours must be reasonable and must represent the product of billing judgment" and thus "must obviously be adjusted to delete duplicative or unrelated hours." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (citing *Hensley*, 461 U.S. at 437). "[W]here it is necessary for the court to approximate because of counsel's inadequate record-keeping we consider it just so to do in favor of the party contesting the fee award." *Spell v. McDaniel*, 852 F.2d 762, 768 (4th Cir. 1988).

Plaintiff's billing records include entries of duplicative work, unbillable work, and errors in arithmetic. Those entries are as follows:

| **Citation** | **Date** | **Biller** | **Rate** | **Hours** |
|---|---|---|---|---|
| ECF No. 118-4, p.1 | 9/28/2020 | NR | $250.00 | 1.9 |
| | **Billing Issue**: *Duplicative, Mr. Glasberg billed for the Zoom meeting with Plaintiff and former counsel, Tate Bywater.* | | | |
| ECF No. 118-4, p.1 | 10/7/2020 | VMG | $600.00 | .3 |
| | **Billing Issue**: *Mr. Glasberg's email with former counsel, Tate Bywater is duplicative or not billable.* | | | |
| ECF No. 118-4, p.1 | 10/9/2020 | NR | $250.00 | 1 |
| | **Billing Issue**: *Duplicative, Mr. Glasberg billed for the Zoom meeting with witness.* | | | |
| ECF No. 118-4, p.1 | 10/21/2020 | VMG | $600.00 | .4 |
| | **Billing Issue**: *Mr. Glasberg's status letter to former counsel, Tate Bywater is duplicative or not billable.* | | | |

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.2 | 10/27/2020 | VMG | $600.00 | 1.7 |

**Billing Issue**: *Mr. Glasberg's drafting of representation letter is not billable.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.3 | 3/5/2020 | NR | $250.00 | 3.6 & .3 |

**Billing Issue**: *Total time billed is 6.6 but the entries only total 3.9*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.3 | 4/12/2020 | CT | $250.00 | 4.3 |

**Billing Issue**: *Duplicative of other attorney's work for reviewing documents produced by prior counsel Tate Bywater.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.4 | 4/26/2021 | MartinCora | $120 | 2.0 |

**Billing Issue**: *Unclear what "process videos" is.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.4 | 4/28/2021 | MartinCora | $120.00 | 1.5 |

**Billing Issue**: *Unclear what "process videos" is.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.5 | 6/30/2021 | Bradley | $120.00 | .5 |

**Billing Issue**: *Duplicative, Mr. Glasberg billed for reviewing and annotating Irby's deposition transcript.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.5 | 8/27/2021 | Bradley | $120.00 | 2 |

**Billing Issue**: *Duplicative, Mr. Glasberg billed for reviewing and annotating Jacobs' deposition transcript.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.5 | 5/18/2021 | NR | $250.00 | 4 |

**Billing Issue**: *Duplicative, Mr. Glasberg defended the Plaintiff's deposition.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.5 | 6/1/2021 | NR | $250.00 | .6; 1.7 |

**Billing Issue**: *Duplicative, Mr. Glasberg took White and McCauley's deposition.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.6 | 3/24/2021 | NR | $250.00 | .4 |

**Billing Issue**: *Duplicative, Mr. Glasberg attended the Pre-trial conference with Judge Anderson.*

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.6 | 6/21/2021 | NR | $250.00 | .3 |

        **Billing Issue**: <u>*Delivering hard copies of opposition brief is not billable*</u>.

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.7 | 9/22/2021 | NR | $250.00 | 1.4 |

        **Billing Issue**: <u>*Duplicative, Mr. Glasberg argued the summary judgment motions*</u>.

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.8 | 7/19/2021 | CT | $250.00 | 2.6 |

        **Billing Issue**: <u>*Duplicative, Mr. Glasberg prepared the Plaintiff*</u>.

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.8 | 7/26/2021 | CT | $250.00 | 1.5 |

        **Billing Issue**: <u>*Duplicative, Mr. Glasberg prepared the Plaintiff*</u>.

| | | | | |
|---|---|---|---|---|
| ECF No. 118-4, p.9 | 8/10/2022 | CT | $250.00 | 6.6 |

        **Billing Issue**: <u>*Duplicative, Ms. Rodriguez researched and drafted memorandum for the same issue*</u>.

Consequently, these billing entries, totaling $9,435.00, should be excluded from the lodestar calculation. (*See* Exh. 1; John Rigby Decl. ¶¶ 29 – 47).

## II.    Charles Tierney's Hours

The Application seeks fees for work performed by Charles Tierney, who is identified as a non-practicing lawyer and Mr. Glassberg's senior research assistant. (ECF No. 118-1, p. 8). The Application seeks to recover an hourly rate of $250.00 for Mr. Tierney. (ECF No. 118-1, p.8). The hours for Charles Tierney should be excluded from the lodestar calculation in their entirety.

There may not be enough ink to cover Mr. Glasberg's own renowned background and his stature in the community, specifically the civil rights community. Consequently, the ninth *Johnson* factor – experience, reputation, and ability – makes it difficult to challenge Mr. Glasberg's rate.

The reasons that serve as a basis for Mr. Glasberg's rate, however, also serve as the reason that Mr. Tierney's rate should be reduced.

First, as it relates to Mr. Tierney's experience, the Petition indicates that Mr. Tierney is a "gifted non-practicing lawyer who spent 17 years litigating with the District of Columbia Public Defender Service" and that he has been with Mr. Glasberg's firm since 2011.[1] Defendants do not challenge the bargain of work product that Mr. Glasberg likely obtains from Mr. Tierney's years as a practicing attorney. A key to attorney's fees is reasonableness and if an individual's experience and bargain are to be considered its only reasonable to consider the reason for the bargain. Accordingly, Defendant's opposition to Mr. Tierney's rate is not based on his experience but based on the reasons behind the bargain, which directly impact ability and reputation.

Mr. Tierney's service as a research assistant rather than a practicing attorney is by mandate, not by choice.[2] Mr. Tierney is registered with the Virginia State Police on their sex offender registry for convictions under 18 U.S.C. 2252(a)(2) and 2256(8)(A) on September 7, 2007. Shortly after the timing of that conviction, in 2008, the Virginia State Bar revoked his license based on the convictions under 18 U.S.C. 2252(a)(2) and 2256(8)(A). (Exh. 3). At the time of his arrest, he resigned from his position on the board of the ACLU. (Exh. 4). His conviction was publicized in the Washington Post. Mr. Glasberg's employment of an individual who has served his time is noble, but it does not put back the reputation that Mr. Tierney lost. (Exhs. 4 and 5). It does not eliminate the fact that his ability to be a practicing attorney and bill as a practicing attorney is diminished.

---

[1] Mr. Tierney was incarcerated until March 2012. (Exh. 2).
[2] While labeled a research assistant, Mr. Tierney has time entries for drafting briefs that were signed by Mr. Glasberg without any corresponding time entries from Mr. Glasberg for reviewing the briefs. (ECF No. 118-4, pp. 9-10) (8.30 and .9 hours for drafting a reply for Plaintiff's motion in limine, ECF No. 83, and a motion to clarify, ECF No. 84).

"Civil rights plaintiffs with meritorious claims appear before the court cloaked in a mantle of public interest" and "Congress has granted them a statutory right to attorney's fees." *Hensley*, 461 U.S. at 444 n. 2 (internal quotation marks and citations omitted). To ignore this underlying public interest when assessing an appropriate rate, if any, for Mr. Tierney is unreasonable. Moreover, it is a slight to associates and paralegals that billed at a lesser rate, putting experience over reputation and ability. Awarding a rate equal to an associate's or a reputable paralegal's (or a rate 41% of Mr. Glasberg's) does nothing to serve the public interest and is in fact harmful to it and the public's perception of attorneys. Thus, if any fees are to be awarded for Mr. Tierney's work, it is necessary, again, to emphasize the ninth *Johnson* factor, and award a rate well under the rates of the other licensed billing associates or reasonable paralegals without tarnished reputations. (*See* Rigby Decl., ¶¶ 19 – 24).

Therefore, this Court should exclude the $19,400.00 from the lodestar calculation or significantly reduce fee associated to Mr. Tierney.

### III. <u>Trial Preparation Hours</u>

The hours spent on trial preparation should be reduced because they are unreasonable or due to the degree of success. The Application seeks $168,710.00 in fees for 398.10 hours. Almost half of those hours, 193.3, were in conjunction with trial preparation. Petitioner seeks $80,105.00 for preparing for trial, solely on the issue of damages.

The amount of money obtained at trial for the claims tried in light of the hours spent in preparation cannot be ignored when considering the degree of success. "The level of a plaintiff's success is relevant to the amount of fees to be awarded," especially where "he succeeded on only some of his claims for relief." *Hensley*, 461 U.S. at 434. If the plaintiff achieves only partial success on his claims, his attorney's reasonable hours multiplied by their reasonable rate "may be

an excessive amount . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. "The hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee" when the unsuccessful claims are distinct from the successful claims. *Id.* at 434. Failing to "clearly indicate" in the bill which counts were being worked on is improper and will "undoubtedly hamper the court in determining what fees are reasonable." *Williams v. Kingston Shipping Co.*, 925 F.2d 721, 724 (4th Cir. 1991). In such a case, the court may "reduce the award to account for the limited success." *Id.*; *see also Prison Legal News v. Stolle*, 129 F. Supp. 3d 390, 407 (E.D. Va. 2015), *aff'd,* 681 F. App'x 182 (4th Cir. 2017) (45% across-the-board reduction was appropriate given the plaintiff's limited degree of success); *See also McAfee,* 738 F.3d at 95 (4th Cir. 2013), *as amended* (Jan. 23, 2014) (imposing a two-thirds reduction given the plaintiff's lack of success).

While there is more to success than monetary damages, the only relief sought in this case was monetary damages. (ECF No. 1, p 8); *see also Pitrolo v. Cty. of Buncombe, N.C.*, 589 F. App'x 619, 630 (4th Cir. 2014) ("If the plaintiff only seeks monetary damages, the purpose of the lawsuit is likely to obtain monetary damages, and the appropriate comparison is between the amount of damages sought and the measure of damages awarded"); *Okot ex rel. Carlo v. Conicelli*, 180 F. Supp. 2d 238, 245 (D. Me. 2002) (emphasizing the fact that the plaintiff did not seek declaratory relief in finding that the purpose of the litigation was not to serve a significant public goal). In *Mercer v. Duke Univ.*, the Fourth Circuit reiterated that the Court is required to compare the relief sought and relief obtained. 401 F.3d 199, 205 (4th Cir. 2005). Thus, "[i]f a case sought injunctive relief, the relevant comparison, of course, would be the scope of the injunctive relief sought to the relief actually granted." *Id.* Further, to the extent that the Fourth Circuit considered the public purpose outside of the plaintiff's case in *Mercer*, the Fourth Circuit did so, emphasizing

8

the fact that plaintiff did seek declaratory and injunctive relief. *Id.* at 208 ("To be sure, Mercer did not seek declaratory or injunctive relief that would have extended beyond her own case").

There was no declaratory or injunctive relief sought in this case, and the success obtained must be considered in light of the relief sought. Furthermore, the damages were awarded as follows: $15,000 for the procurement of the warrant, $34,000 for the unlawful seizure, and $1,000.00 for the excessive force.[3] The Application indicates that Plaintiff did not offer any documentation as to physical or emotional injuries because the strategy was to let Plaintiff's "injuries speak for themselves." (ECF No. 118-1, p. 12). Plaintiff's testimony at trial was focused on his injuries suffered from the excessive force. Post-trial, Plaintiff reiterated his focus on the "injuries caused from the beating, dragging, choking and tasering." (ECF No. 106, p. 5). The jury awarded $1,000.00 for those injuries. The level of award was so unsatisfactory that Plaintiff filed a motion for a new trial without consulting counsel.

Furthermore, the Application fails to offer adequate support as to why this level of effort was reasonable or necessary for preparing for trial. At trial, which involved only the parties as witnesses, Plaintiff merely sought, for lack of a better term, garden variety emotional distress. (ECF No. 118, p. 4). Again, the strategy was to let Plaintiff's "injuries speak for themselves." (ECF No. 118-1, p. 12). That being said, the Application strongly suggests that the trial strategy was not to have Plaintiff speak for himself, stating that Plaintiff "require[ed] an unusual amount of *coaching* to present testimony . . . ." (ECF No. 118-1, p. 16) (emphasis added) (the Application makes references to Plaintiff's "wild accusations," "histrionics," "florid responses").[4] Ultimately,

---

[3] As the Petition notes an attempt to resolve the fee issue, it should also be noted that Defendants attempted to resolve the damages issue during trial, but Plaintiff rejected the amount that he was ultimately awarded.

[4] Interestingly, Plaintiff elected to have a jury despite the concerns over how he would be viewed by a jury.

neither the Application nor the recycled affidavits provide sufficient support for the 193.3 hours associated with preparation for the trial on damages and, consequently, those fees are excessive and must be reduced. (Rigby Decl. ¶¶ 27 – 28). The $80,105.00 in fees sought for trial preparation should be reduced to $40,000.00.

IV. **Plaintiff Failed to Prove That Various Costs Are Reasonable**

This Court should deny $5,699.29 of the costs sought. Federal Rule of Civil Procedure 54(d) states that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. (54)(d)(1). Under Rule 54(d), the court has "a power to decline to tax, as costs, the items enumerated in § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). Plaintiff is only entitled to recover reasonable costs incurred during this litigation if it can establish them "with a reasonable degree of specificity." *Stultz* 2019 WL 4741315, at *23 (W.D. Va. Aug. 15, 2019). "The law is clear that no litigation costs should be awarded in the absence of adequate documentation." *Id.*

There is no documentation, other than demonstrative itemization, to support or explain these costs. (ECF No. 118-6) (*See* Rigby Decl. ¶¶ 48 – 56). Further, the Application seeks costs associated with obtaining the transcript from trial, $1,901.65. The transcript was obtained by the Plaintiff, and there is no explanation as to why the transcript was necessary. Presumably, it was ordered for the purposes of the unsuccessful motion for a new trial. Petitioner failed to show the reasonableness as to these costs and, as a result, the Court must deny them.

## CONCLUSION

Based on the foregoing this Court should find that attorneys' fees in an amount exceeding $99,000.00 and costs exceeding $400.00 would be unreasonable.

Respectfully submitted,

_____/s/_____
Alexander Francuzenko, VA Bar #36510
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
alex@cookcraig.com
*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a copy of the foregoing Defendant's Opposition to Plaintiff's Application for Attorney's Fees and Costs, via ECF and mail, this the 2nd day of December 2022 to:

Victor M. Glasberg, VSB 16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703-684-1100 (tel.)
703-684-1104 (fax)
vmg@robinhoodesq.com

Matthew Souter
7353 John Marshall Hwy
The Plains, VA 20198
(540) 497-0532
*Plaintiff, pro se*

_____/s/_____
Alexander Francuzenko, VA Bar #36510
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
alex@cookcraig.com
*Counsel for Defendants*